IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

FILED
JUL 12 2006
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

| | |
|---|---|
| J.C. CORPORATE MANAGEMENT, INC, f/k/a NATIONAL EDUCATIONAL ACCEPTANCE CORP., | ) ) ) ) |
| Plaintiff, | ) ) Case No.: 05CC-001203 L EQ |
| v. | ) ) Division No. 39 |
| RESOURCE BANK, | ) ) |
| Defendant. | ) ) |

## ORDER APPROVING CLASS SETTLEMENT

The Court, having preliminarily approved the Settlement Agreement by Order dated April 26, 2006, having reviewed the Parties' submissions and heard argument, having conducted a fairness hearing on July 12, 2006, being fully advised, and having determined after extensive review that the Settlement should be approved, now Orders as follows:

### Background

Plaintiff J.C. Corporate Management, Inc. ("JCCM") filed this action in March 2005 against Resource Bank ("Resource Bank") alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 277 ("TCPA") ("the Missouri Lawsuit").

Previously, Cohen & Malad, LLP filed its class action complaint against Resource Bank in March 2002 in the Superior/Circuit Court of Marion County, Indiana, also alleging violations of the TCPA, which case was removed to and is pending in the United States District Court for the Southern District of Indiana as Case No. 1:05cv-1737-LJM/WTL ("the Indiana Lawsuit"). Prior to entering a settlement agreement, JCCM,

899136v1


EXHIBIT A

Cohen & Malad, and Resource Bank engaged in extensive discovery including interrogatories and document requests.

Settlement negotiations were entered into between Plaintiffs and Resource Bank, resulting in the settlement agreement dated April 14, 2006 ("Settlement Agreement"). The settlement class in the Settlement Agreement encompasses the classes sought in both the Indiana Lawsuit and the Missouri Lawsuit.

The parties sought preliminary approval of the Settlement Agreement, which was granted by this Court's Order Granting Preliminary Approval of Settlement Agreement dated April 26, 2006, 2006 ("Preliminary Order"). Notice was provided to the class members in accordance with the terms of the Settlement Agreement and the Preliminary Order.

Following notice to the class, no class members opted out of the class and no objections to the settlement were filed with the Court.

The Parties now seek final approval of the Settlement Agreement.

### Analysis

Approval of class action settlements in Missouri is guided by Missouri Rule of Civil Procedure 52.08 and the Missouri Court of Appeals' decisions in *State ex rel. Byrd v. Chadwick*, 956 S.W.2d 369, 378-379 (Mo. Ct. App. W.D. 1997) and *Ring v. Metropolitan St. Louis Sewer Dist.*, 41 S.W. 3d 487, 490 (Mo. Ct. App. E.D. 2000). Rule 52.08 and the *Chadwick* and *Ring* decisions protect the due process rights of absent class members. Moreover, the *Chadwick* and *Ring* decisions provide an analytical framework for considering whether settlements are (1) properly certified as class actions; and (2) fair, reasonable and adequate under Missouri law. See *Chadwick*, 956 S.W.2d at 378-

379; *Ring*, 41 S.W.3d at 492. The precedent established in *Chadwick* and *Ring* is followed here.

I. **IS CLASS CERTIFICATION FOR SETTLEMENT PURPOSES APPROPRIATE?**

Prior to certifying a class for settlement, the Court must determine that the proposed class meets the requirements of Rules 52.08(a) and 52.08(b). *Chadwick*, 956 S.W.2d at 378-379. After reviewing the pleadings and evidence, the Court finds that, for purposes of Settlement, this action satisfies all prerequisites for class treatment under the aforementioned rules, to-wit: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class; (3) the claims of the named class representatives are typical of those of unnamed class members; and (4) the representative parties and their counsel have fairly and adequately represented the class. Further, the Court finds that (1) questions of law or fact common to the class predominate over any questions affecting only individual class members; and (2) class treatment is superior to separate litigation of each class member's claims. Accordingly, this action is certified as a class action, for settlement purposes, on behalf of a class consisting of:

> All persons or entities in the United States who were sent facsimile transmissions from Resource Bank or Resource Mortgage during the period on or after March 8, 1998, through and including December 31, 2003, which contained any material advertising the commercial availability or quality of any property, goods or services without that person's or entity's prior express invitation or permission.

## II. IS THE PROPOSED SETTLEMENT FAIR, REASONABLE AND ADEQUATE?

Before the Court may approve any settlement of a class action, the proponents of the settlement also must demonstrate that its terms are fair to the unnamed Class Members. *Chadwick*, 956 S.W.2d at 378n.6; *Ring*, 41 S.W.3d at 492. In *Chadwick* and *Ring*, the Missouri Court of Appeals set forth a series of six factors to be considered by courts in determining whether a proposed settlement is "fair, reasonable and adequate" under Missouri law: (a) the existence of fraud or collusion behind the settlement; (b) the complexity, expense, and likely duration of the litigation; (c) the stage of the proceedings and the amount of discovery completed; (d) the probability of the plaintiff's success on the merits; (e) the range of possible recovery; and (f) the opinions of class counsel, class representatives and absent class members. As discussed below, each of these factors favors approval of the settlement.

(a) <u>The Absence of Fraud or Collusion Behind the Settlement.</u>

The proposed settlement came about after several years of hard-fought litigation and two days of mediation. The proposed settlement provides no greater benefit to the class representatives than to the unnamed class members. The settlement also provides no benefit to class counsel other than attorneys' fees, which the Court will consider in light of benefits conferred, and amount and quality of work performed. The Court is convinced that the negotiations leading to the proposed settlement were carried out at arms length and without collusion. Accordingly, this factor favors approval of the settlement.

(b)     The Complexity, Length and Expense of Continued Litigation.

This case has involved time-consuming and expensive litigation. Since Plaintiff Cohen & Malad first filed its complaint in the Indiana Lawsuit in March 2002, extensive discovery has been undertaken and hundreds of pages of briefs have been filed. Were this suit to proceed to trial, numerous complex statutory and constitutional issues would remain to be resolved. These issues likely would require further discovery, motion practice and appeals, and would delay a final result by years. In light of these realities, the Court finds that this factor weighs in favor of approval of the settlement.

(c)     The Stage of the Proceedings and the Amount of Discovery Completed.

The Indiana Lawsuit has been pending for four years, during which the parties have litigated a variety of issues vigorously, including, among others, constitutionality of the TCPA. The parties in the Indiana Lawsuit also have briefed the issue of class certification and have engaged in extensive discovery. The same breadth and scope of issues and discovery exists in the Missouri Lawsuit as well and will have to be litigated. The Court is convinced that the Parties were well informed as to the merits of their respective positions before engaging in settlement negotiations. Accordingly, this factor weighs in favor of settlement approval.

(d)     The Strength of the Plaintiff's Case on the Merits Measured Against the Terms of the Settlement.

While it is not disputed in this case that commercial faxes were sent to the named plaintiffs and others, plaintiffs still face numerous legal obstacles in establishing liability on the part of Defendant. Plaintiffs do not dispute that Resource Bank did not physically send the faxes at issue; rather, WestFax, Inc. sent the faxes. Even if liability were established against Defendant, the question of whether Resource Bank can be held

vicariously liable for WestFax, Inc.'s actions remains an unresolved question in the Indiana Lawsuit. Further, there are defenses yet to be litigated in the Indiana Lawsuit, such as whether an established business relationship or business contact between Resource Bank and some of the class members relieves Resource Bank of liability, whether many class members' claims would be considered time barred for failure to institute the action within the requisite statute of limitations as defined by each respective class member's state of residence, whether the TCPA is constitutional as applied, particularly in light of evolving technology, where faxes are no longer received through one modem, the facsimile machine, but also can be received through other modems, *i.e.*, on a desktop computer. Although Plaintiff believes it is likely that it will overcome these obstacles, it cannot do so without protracted litigation. Additionally, all issues remain to be litigated in the Missouri Lawsuit, which is at an early stage of litigation.

While Plaintiff's prospects of litigating this case to a favorable result are uncertain, the Court is convinced that the proposed settlement offers real value to class members. The terms of the settlement provide that each qualified class member who chooses to participate in the settlement will receive up to Five Hundred Dollars and no cents ($500.00) if such class member received a qualified fax from Resource Bank or Resource Mortgage. Qualified class members additionally can receive up to Five Hundred Dollars and no cents ($500.00) for each additional qualified fax they received from Resource Bank or Resource Mortgage if they can provide and attach to the Claim Form a copy of each such fax received.

(e)  The Opinions of Competent Counsel, Class Representatives, and Absent Class Members as to the Reasonableness of the Settlement.

The class is represented by counsel experienced in litigating large class action cases. The Defendants also are represented by experienced counsel. Counsel for all parties have offered their opinion that the settlement is fair, reasonable and adequate.

Pursuant to the Court's preliminary approval of the settlement, moreover, the best notice practicable under the circumstances was provided to the class. Published notice was made on two occasions in USA Today, a national newspaper with a circulation in excess of 2.3 million readers. The Court did not receive any objections to the terms of the settlement and/or the amount of attorneys' fees, and no class member opted out of the class. Accordingly, the Court finds that this factor weighs in favor of approval of the settlement.

### III.  ATTORNEY'S FEES

Pursuant to the Settlement Agreement, the Parties agreed that Class Counsel may petition the Court for an award from the Settlement Fund of attorneys' fees and expenses in an amount equal to 1/3 of the Settlement Fund for (1) the payment of all fees and costs for counsel who contributed to the litigation, and (2) the payment of Five Thousand Dollars and no cents ($5,000.00) as an incentive fee to J.C. Corp. for serving as Class Representative.

The United States Supreme Court in *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S.Ct. 745, 749 (1980), held that a "litigant who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Id.* at 749; *See also Lett v. City of St. Louis*, 24 S.W.3d 157, 163 (Mo. Ct. App. E.D. 2000) (recognizing the common fund doctrine).

The common fund doctrine "rests on the perception that persons who obtained the benefit of a lawsuit without contributing to its costs are unjustly enriched at the successful litigant's expense." *Boeing*, 444 U.S. at 478; *see also In re Charter Communications*, 2005 U.S. Dist. LEXIS 14772, at 40-41 (E.D. Mo. 2005). Even in the absence of a specific monetary fund, where the litigation has conferred a substantial benefit on the members of an ascertainable class, an award of fees will be made to spread the cost of counsel proportionally among such members. *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 392 (1970). The common fund doctrine "provides an incentive for private attorneys to vindicate the rights of those people who would not otherwise be able to independently pursue a claim on their own behalf." *In re Pub. Serv. Co. of New Mexico*, Fed. Sec. L. Rep. (CCH) ¶ 96,988 (S.D. Cal, 1992). *See Hall v. Cole*, 412 U.S. 1, 7 (1973) (discussing the common benefit doctrine, and awarding fees to plaintiff who vindicated a constitutional right that could then be enjoyed by others similarly situated ).

While Missouri Rule 52.08 does not specify a method for calculating and awarding attorney's fees, at least one Missouri court has adopted the "percentage" approach, which "focuses primarily upon the amount recovered, and awards a percentage of that recovery for fees." *Charter*, 2005 U.S. Dist. LEXIS 14772, at 41; *see also Chadwick*, 956 S.W.2d at 388; 15 Mo. Prac., Civil Rules Practice § 52.08-16 (2d ed.). In *Chadwick*, the Missouri Court of Appeals found that a court awarding attorney's fees "should consider the percentage of recovery requested, the size of the total recovery on behalf of the class and the time and effort of the attorneys, as well as other factors, in figuring a fee." *Id.* at 388. Taking such factors into account, courts nationwide have awarded fees equal to or in excess of 1/3 of the Settlement Fund. *See e.g. Taubenfeld v.*

*Aon Corp.*, 415 F.3d 597 (7th Cir. 2005) (affirming award of 1/3 of settlement fund); *In re U.S. Bancorp. Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (affirming award of 36% of settlement fund); *Charter*, 2005 U.S. Dist. LEXIS 14772, at 42-47.

Here, the Court finds that the best method for determining a just award of attorneys' fees and expenses is the percentage method. Class Counsel litigated this matter effectively and efficiently – bringing it to a preliminary settlement approximately four years after the Indiana Lawsuit was filed. While Class Counsel vigorously prosecuted the class actions – taking extensive discovery, etc. – they did not waste time or do unnecessary work.

In approving this settlement, the Court has found that Class Counsel bestowed a substantial common benefit upon the class members and, through the efforts of Class Counsel, class members will share substantial relief. The monetary benefits produced by the efforts of Class Counsel satisfy the requirements of the "common fund" or "common benefit" doctrines and entitle Class Counsel to an award of attorneys' fees from the cash portion of the settlement.

This class action litigation raised novel issues of law and involved aggressively contested issues of fact. The Settlement Agreement represents a successful and efficient resolution of the claims against Defendant. This case is an extremely large consumer class action covering several thousand class members nationwide.

It is evident to the Court that, throughout the prosecution of this class action suit, Class Counsel was mindful of their fiduciary duty to the class members and to their clients. Class Counsel worked hard to achieve a settlement with substantial benefits to the class members, and it is undisputed that Class Counsel did not negotiate fees with

Defendant until a settlement had been reached on behalf of the class. The fee requested is appropriate under the law and the facts.

In view of the risks assumed by Class Counsel, the time Class Counsel invested to prosecute this action, the quality of Class Counsel's work, and the substantial benefits bestowed upon class members as a result of that effort, the Court finds that Class Counsel's request for attorneys' fees and expenses from the Settlement Fund in the amount requested for payment of all fees for Class Counsel and other counsel who contributed to the litigation, including the attorneys of record herein, is a reasonable award of attorneys' fee and costs and approves the same.

## Conclusion

Accordingly, the Court finds that the proposed settlement is fair, reasonable, and adequate, and should be approved. Therefore,

IT SHALL BE AND IS HEREBY ORDERED THAT:

(1) The Settlement Agreement is APPROVED.

(2) Pursuant to the terms of the Settlement, all class members who did not timely opt out of the class, as described in the Preliminary Order, entered on April 26, 2006, and as set forth in the notice issued pursuant to the Preliminary Order, and their successors, assigns, heirs, executors, administrators and legal representatives are forever barred and enjoined from instituting or prosecuting, either directly or in any other capacity, in any court or forum, any and all claims against any released party, as set forth in the Settlement Agreement. All class members who did not timely opt out of the class, and their successors or assigns, are forever barred and enjoined from instituting or prosecuting, either directly or in any other capacity, in any court or forum, any claim,

complaint, action, or litigation, under any state or federal law, against any released party, arising out of or related to the notice of this settlement, including but not limited to the form, content or transmission of such notice. Pursuant to the Mutual Releases contained in Paragraph III of the Settlement Agreement, all such claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

(3) Administration of the settlement and distribution of settlement benefits is to proceed as set forth in the Settlement Agreement. This Court retains jurisdiction over all parties and all class members for all matters relating to this litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Order.

(4) The Court finds that the award of an amount equal to 1/3 of the Settlement Fund for the payment of all attorneys' fees and expenses for counsel who contributed to the litigation and the payment of Five Thousand Dollars and no cents ($5,000.00) as an incentive fee to J.C. Corp. for serving as Class Representative, as set forth in Paragraph IV.A of the Settlement Agreement, is fair and reasonable. The Court finds that this amount represents a percentage of the common benefit to class members that is consistent with percentages routinely approved by courts and hereby approves the same.

ORDERED this 12th day of July, 2006.

_[signature]_
Honorable Patrick E. Clifford